1  Benjamin Scott Miner
2  8633 La Mesa Blvd #95
   La Mesa, California, 91942

3

4

5

6

7

8

9

10

FILED

DEC - 9 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ *np* _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN   DISTRICT OF CALIFORNIA

BENJAMIN SCOTT MINER,
                    Plaintiff,

        v.

KEITH BAKER-CEO,
LIEN ENFORCEMENT, INC,

                    Defendant.

Case No    '15 CV 2765 JAH RBB

COMPLAINT

11  A.                           JURISDICTION

12      1.    This is an action that alleges that this court has federal

13  question jurisdiction over this action pursuant to 28 U.S.C. § 1332

14  because:

15  a. The plaintiff is an individual residing in and a citizen of the state

16  of California       ;

17  b. The defendant is a corporation organized and existing under the laws

18  of the State of California      with its principle place of business in

19  San Jose           , CA  .

20  c. There is a complete diversity of citizenship between plaintiff and the

21  defendant.

22  B.                           DEFINITIONS

23      2.    The plaintiff, Benjamin S. Miner    is a "consumer" as defined by

24  15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly

25  obligated to pay any debt."

26      3.    The defendant, Lien Enforcement, Inc    is a "debt collector" as

27  defined by 15 U.S.C. § 1692a(6), as " any person who uses any

instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, any debts owed or due or asserted to be owedor due to another."

C.                              STATEMENT OF THE CASE

4.        On  May 25, 2015   , The plaintiff obtained a copy of his credit report from Equifax Information Services, Experian Information Solutions, and Trans Union Corporation which revealed that Lien Enforcement Incorporated ("defendant") had placed an entry on plaintiffs credit report which communicated that plaintiff allegedly had an account in default with the defendant in the amount of $1,670   through assignment from the original creditor      dated 10/24/2015 . See Exhibit A

5.        On  06/22/2015     , the defendant took receipt of plaintiffs "Notice of Relief", requesting the defendant validate the alleged debt pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b), through certified mail receipt which is numbered 70081830000450347220     and attached as Exhibit B . It should be noted that the defendant refused top respond to plaintiffs validation request.

D.                              CLAIM ONE

6.        The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act when the defendant reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corpporation that the plaintiff is in default with the defendant in the amount of $ 1,670    through assignment from the original creditor . See Exhibit A

7.        Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.) which states, " The FDCPA prohibits the false representation of the

Page 2 of 9

1   " character, amount, or legal status" of any debt. § 1692e(2)(A).

2   A misstatement of a debt need not be knowing or intentional to create

3   liability under this section. Clark, 460 F.3d at 1176."

4       8.    The defendant intended to manipulate the plaintiff by

5   falsely representing that the alleged debt which is a violation of the

6   Fair Debt Collections Practices Act ("FDCPA"). This constitutes a

7   violation  of the "Act" as a matter of law.

8       9.    The plaintiff hereby seeks statutory damages in the amount

9   of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A)

10   of the ("FDCPA").

11   E.                               CLAIM TWO

12       10.    The plaintiff asserts that defendant violated section 15

13   U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the

14   defendant communicated false information concerning the alleged debt

15   that the plaintiff never owed to the defendant, nor had the alleged debt

16   been assigned to the defendant. The defendant communicated to Equifax

17   Information Services, Experian Information Solutions, and Trans Union

18   Corporation false information, stating that the defendant had been

19   assigned to collect said debt from the plaintiff, and the plaintiff

20   was in default for **$1,670**   to the defendant. **See ExhibitA**

21       11.    Nelson v. Equifax Information Services. LLC. 522 F. Supp. 2d

22   1222 (9th Cir. 2007) states, " in order to sustain a section 1692e(8)

23   claim, a party must show that a debt collector communicated or

24   threatened to communicate credit information which  they knew or should

25   have known was false, including failing to communicate that debt was

26   disputed". **Lien Enforcement, Inc**     never had a valid assignment

27   authorizing them to pursue and report to credit bureaus alleged debts

1 associated with the plaintiff.

2     11.    Plaintiff hereby seeks statutory damages in the amount of

3 $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the

4 ("FDCPA").

5 F.                            **CLAIM THREE**

6     12.    Plaintiff asserts that defendant violated section 15 U.S.C

7 § 1692e(10) of the Fair Debt Collections Practices Act when the defendant

8 used false and deceptive means to attempt to collect a debt from the

9 plaintiff. By communicating false information, the defendant attempted

10 to gain an advantage of an unsophisticated consumer through false

11 representation.

12     13.    Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis

13 27057 (9th Cir. 2013) states, " A debt collector violates  section

14 1692e(10) if it 'use[s]... a false representation or deceptive means

15 to  collect or attempt to collect any debt or to obtain information

16 concerning a consumer ("a debt collectors representation that a debt is

17 owed to it when in fact is not, amounts to a misrepresentation barred

18 by the ("FDCPA")."

19     14.    Plaintiff hereby seeks statutory damages in the amount of

20 $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the

21 ("FDCPA").

22 G.                            **CLAIM FOUR**

23     15.    Plaintiff asserts that defendant violated section 15 U.S.C.

24 § 1692e(12) of the Fair Debt Collections Practices Act when the

25 defendant communicated the false representation that the alleged account

26 was turned over to **Lien Enforcement, Inc** for value to Equifax Information

27 Services, Experian Information Solutions, and Trans Union Corporation

1  See Exhibit A. The defendant never received assignment to pursue or
2  report to credit bureaus alleged debts associated with the plaintiff.
3      16.    Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712
4  (9th Cir. 2012) states, "Section 1692e(12) prohibits " The false
5  representation or implication that accounts have been turned over to
6  innocent purchasers for value", when determining whether a
7  misrepresentation in a debt collection has been made, the court must
8  apply the "least sophisticated debtor" standard and make a determination
9  as to whether the debt would be "deceived or mislead by the
10 misrepresentation", quoting Wade v.Reg'l Credit Ass'n, 87 F. 3d 1098,
11 1098-100 (9th Cir. 2006).
12     17.    The plaintiff hereby seeks statutory damages in the amount of
13 $1,000.00 for the defendants violation of 15 U.S.C § 1692e(12) of the
14 ("FDCPA").
15 H.                      **CLAIM FIVE**
16     18.    Plaintiff asserts defendant violated section 15 U.S.C. §
17 1692f(1) of the Fair Debt Collections Practices Act when the defendant
18 used unconscionable means to attempt to collect an alleged debt by
19 reporting to Equifax Information Services, Experian Information
20 Solutions, and Trans Union Corporation that **Lien Enforcement Incorporated**
21 had obtained legal permission, documented by a valid assignment that
22 the plaintiff was now in default with a debt owed to the defendant with
23 a debt owed to the defendant with the attempt to force the plaintiff
24 to pay the $ **1,670**     allegedly owed.
25     19.    Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877
26 (9th Cir. 2013) states, "a debt collector may not use unfair or
27 unconscionable means to collect or attempt to collect any debt.

20.    Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21.    Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I.                          **CLAIM SIX**

22.    The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives Lien Enforcement, Inc    the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt # 70081830000450347220    , which is attached as **ExhibitB** .

23.    Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, " If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion tereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

Page 6 of 9

portion thereof, until the debt collector obtains verification or judgement, or name and address of the original creditor, is mailed to the consumer by the debt collector." By Lien Enforcement, Inc  refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt.  The defendant is in violation of section 1692g(b).

24.    The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692g(b) of the ("FDCPA").

J.                              **DAMAGES**

25.    15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ et seq] with respect to any person is liable to such person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00.

K.                         **REQUESTED RELIEF**

CLAIM ONE:  A  violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**            + $3,000.00

**CLAIM TWO:** A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

<u>**TOTAL DAMAGES:**</u>          + $3,000.00

**CLAIM THREE:** A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

<u>**TOTAL DAMAGES:**</u>          + $3,000.00

**CLAIM FOUR:** A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

<u>**TOTAL DAMAGES:**</u>          + $3,000.00

**CLAIM FIVE:** A violation of 15 U.S.C § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionalbe means to collect.

<u>**TOTAL DAMAGES:**</u>          + $3,000.00

**CLAIM SIX:** A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three credit reporting agencies, Equifax Inforamtion Services, Experian Information Solutions, and Trans Union Corporation.

<u>**TOTAL DAMAGES:**</u>          + $1,000.00

26.   The total amount of damages requested by the plaintiff is $16,350.00.

27.   The $350.00 added is the court cost associated with this action.

I Benjamin S. Miner, hereby declare under penalty of perjury in the state of  California    , that the information stated above and any attachments to this form is true and correct.

DATED: 07/24/2015            BY _____

Benjamin S. Miner

Case 3:15-cv-02765-JAH-RBB   Document 1   Filed 12/09/15   PageID.10   Page 10 of 11
EXHIBIT A

| LIENENFORCE | 01 ROADONE | Oct 24, 2011 | Open | $1,670 |

**Account Details**

| | |
|---|---|
| Last Reported | Mar 01, 2014 |
| Collection Agency | LIENENFORCE |
| Original Creditor | 01 ROADONE |
| Status | Open |
| Opened Date | Oct 24, 2011 |
| Closed Date | -- |
| Responsibility | Individual |
| Balance | $1,670 |
| High Balance | $1,670 |
| Remarks | Placed for collection |

**Creditor Contact Details**

LIEN ENFORCEMENT INC.
PO BOX 3000
SAN JOSE, CA
95156
(877) 757-2296

See something wrong?

Learn more about how to dispute items on your credit report.



| ALLIANCEONE | 04 SAN DIEGO | Nov 18, 2010 | Open | $986 |

**Account Details**

| | |
|---|---|
| Last Reported | Jan 03, 2011 |
| Collection Agency | ALLIANCEONE |
| Original Creditor | 04 SAN DIEGO |
| Status | Open |
| Opened Date | Nov 18, 2010 |
| Closed Date | -- |
| Responsibility | Individual |
| Balance | $986 |
| High Balance | $1,086 |
| Remarks | Placed for collection |

**Creditor Contact Details**

ALLIANCEONE REC MGMT SEP
PO BOX 2449
GIG HARBOR, WA
98335
(888) 456-8838

See something wrong?

Learn more about how to dispute items on your credit report.

## Public Records

As of May 25, 2015, you have no public records on your credit report.

# How to Read Your Credit Report

Your full credit report is divided into five important sections:

### Personal and Employment Information

This section contains names, addresses and employers included on your credit report. This sort of information is added to your report after it's been used on credit applications. Review this section for any information you don't recognize.

EXHIBIT B

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Attn: Keith Baker, CEO<br>Lien Enforcement, Inc.<br>222 South 24th St.<br>San Jose, CA. 95116 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7008 1830 0004 5034 7220 |

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540