UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN SCOTT MINER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KEITH BAKER; LIEN ENFORCEMENT, INC.<br><br>　　　　Defendants. | Civil No. 15-cv-2765-JAH (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. # 5)** |

## INTRODUCTION

Pending before the Court is a motion to dismiss filed by defendants Keith Baker and Lien Enforcement, Inc. (collectively "Defendants"). (See Doc. # 5). For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

On May 25, 2015, Plaintiff Benjamin Scott Miner ("Plaintiff") discovered a $1,670 debt reported on his credit report.[1] (Doc. # 1, pg. 2). The collection agency was listed as "Lien Enforcement Inc.," and the original creditor was listed as "01RoadOne." Id. at Exh. A. Thereafter, Plaintiff mailed Defendants a notice of relief, requesting that Defendants validate the alleged debt pursuant to 15 U.S.C. § 1692g of the Fair Debt Collection

---

[1] The background facts are taken from Plaintiff's complaint and are assumed true for purposes of the instant motion. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Practices Act. Id.  Defendants did not respond. Id. at 2.

On December 9, 2015, Plaintiff, proceeding *pro se*, filed the operative complaint alleging that Defendants violated six sections[2] of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (See Doc. # 1). Plaintiff also filed a motion to proceed *in forma pauperis*, which the Court granted on December 14, 2015. (See Docs. # 2, 3). On January 26, 2016, Defendants filed a motion to dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (See Doc. #5). No opposition was filed.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995). Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Although the Court may grant Defendants' motion to dismiss as unopposed, in the interests of justice, the Court addresses the merits below.

## DISCUSSION

### A.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Alternatively, a complaint may be dismissed under Rule 12(b)(6) where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Id. While a complaint need not provide "detailed factual allegations," the plaintiff must plead

---

[2] Plaintiff's complaint alleges that Defendants violated the following six sections of the FDCPA: (i) 15 U.S.C. § 1692e(2)(A); (ii) 15 U.S.C. § 1692e(8); (iii) 15 U.S.C. § 1692e(10); (iv) 15 U.S.C. § 1692e(12); (v) 15 U.S.C. § 1692f(1); (vi) 15 U.S.C. § 1692g(b). (See Doc. # 1, pg. 2–6).

sufficient facts in the complaint that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (internal citations omitted).

When ruling on a motion to dismiss, the Court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

///

### B. Analysis

In order to state a claim under the FDCPA, a plaintiff must allege facts establishing the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a debt collector under the FDCPA, and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. Amelina v. Mfrs. & Traders Trust Co., 2015 WL 7272224, at *5 (S.D. Cal. Nov. 17, 2015); see also Gomez v. Wells Fargo Home Mortg., 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011). Defendants first contend that Plaintiff's complaint fails to allege facts establishing that the debt at issue is a debt under the FDCPA. (Doc. # 5, pg. 4–6). The Court agrees.

The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5).[3]

Here, the complaint makes no allegations with respect to the nature of the debt at issue. The only allegation in the complaint regarding Plaintiff's debt is that "[P]laintiff obtained a copy of his credit report . . . which revealed that Lien Enforcement Incorporated ('defendant') has placed an entry on plaintiffs [sic] credit report which communicated that plaintiff allegedly had an account in default with the defendant in the amount of $1,670 through assignment from the original creditor dated 10/24/2015." (Doc. # 1, pg. 2). The complaint provides no further factual details about the debt and, thereafter, refers only to the debt as "the alleged debt." See id. at 2–3, 5–8.

Plaintiff's complaint provides no factual basis from which the Court can plausibly concur that the debt at issue arises out of a transaction that was entered into primarily for personal, family, or household purposes. Accordingly, Plaintiff has not shown that the

---

[3]This definition applies to all of Plaintiff's claims. See 15 U.S.C. § 1692a(5)(stating that the above-cited definition of debt under the FDCPA applies to the term "debt" as used in 15 U.S.C. §§ 1692–1692p); infra pg. 2, n. 2 (listing the statutes under which Plaintiff asserted claims, all of which fall between 15 U.S.C. §§ 1692–1692p).

debt, which is the subject of all of Plaintiff's claims, is a debt under the FDCPA. The Court thus concludes that Plaintiff has failed to state any of its FDCPA claims against Defendants. Because all of Plaintiff's claims fail, the Court need not address Defendants' second argument that the complaint fails to allege that Defendant Baker is a debt collector under the FDCPA.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. # 5) is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 26, 2015

JOHN A. HOUSTON
United States District Judge